**WESTGATE LAW**
Matthew A. Rosenthal (SBN 279334)
15760 Ventura Blvd., Ste. 880
Los Angeles, CA 91436
T: (818) 200-1497
F: (818) 869-2208
Matt@westgatelaw.com
Attorneys for Plaintiff,
BARRY FISHMAN

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| BARRY FISHMAN,<br><br>　　　　Plaintiff;<br><br>　　v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA,<br><br>　　　　Defendant. | Case No.: 2:16-cv-8485<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

BARRY FISHMAN (Plaintiff), by his attorneys, WESTGATE LAW, alleges the following against RICHLAND HOLDINGS, INC. d/b/a ACCNTCORP OF SOUTHERN NEVADA (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

3. Count III of Plaintiff's Complaint is based on the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§1785.25(a).

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

5. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in Valencia, Los Angeles County, California.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with offices in Las Vegas, Nevada.

## FACTUAL ALLEGATIONS

11. On September 20, 2016, Plaintiff obtained a copy of his credit report, containing the information reported by the credit reporting agency Experian. *See* Excerpt of September 20, 2016 Credit report attached hereto as Exhibit "A."

12. On the credit report obtained on or around September 7, 2016, Defendant reported an accounts with a referenced balance of $1,149 allegedly owed to Kantor Nephrology Consultants. This information was published to the credit reporting agency Experian. *See* Exhibit "A."

13. Plaintiff's alleged debt arose from transactions for personal, family, or household purposes.

14. Believing the information published by Defendant to be false, Plaintiff disputed the accuracy of the information in a letter addressed to Defendant on or

around September 21, 2016. *See* Dispute Letter attached hereto as Exhibit "B."

15. The September 21, 2016 letter was faxed to Defendant at (702) 247-9802, and receipt of the fax was confirmed on September 21, 2016. *See* Exhibit "B."

16. In the letter sent to Defendant, Plaintiff stated in relevant part:

> *I am disputing the above listed debt because I do not believe the amount listed is correct. I do not believe I owe said amount and I am leaving you to provide me with proof of the said owed debt. I am also requesting that you mark the debt on my credit report as disputed due to the amount being inaccurate.*

*See* Exhibit "B."

17. Despite receiving the September 21, 2016 letter, on November 2, 2016, Defendant took the affirmative step to update the information reported to Experian, yet failed to either correct the information reported or list the account in a status notating that the accounts are "Disputed." *See* Excerpt of November 8, 2016 Credit Report attached hereto as Exhibit "C."

18. Despite Plaintiff's attempt to resolve the inaccuracies of Defendant's reporting, Defendant continues to report the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown.

19. As a result of Defendant's failure to conduct a timely and reasonable investigation of Plaintiff's dispute and Defendant's willful and persistent reporting of false and misleading information, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of Defendant.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## FIRST CLAIM FOR RELIEF

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

22. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

    b. Defendant violated §1692e(2) by communicating a false representation of the amount, character, or legal status of the alleged debt;

    c. Defendant violated § 1692e(8) of the FDCPA by communicating false credit information, including the failure to report that the alleged debt is disputed.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF

**Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.**

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

27. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

**Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§1785.25(a)**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

30. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

31. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a

consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

32. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

33. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff;

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

Date: November 15, 2016         **WESTGATE LAW**

                                By:*/s/ Matthew A. Rosenthal*
                                    Matthew A. Rosenthal
                                    Attorneys for Plaintiff